IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WEST VIRGINIA CARPENTERS
BENEFIT TRUST, et al.,

Plaintiffs,

v. CIVIL ACTION NO. 2:14-cv-15425

FIRST CONSTRUCTION CORPORATION,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Plaintiffs' Motion for Entry of Default Judgment by the Court Against First Construction Corporation [Docket 8]. For the reasons stated below, the court **DIRECTS** the Clerk to enter default judgment in favor of the plaintiffs in the amount of $80,280.35, plus post-judgment interest as explained below.

## I. Background

The plaintiff, West Virginia Carpenter's Benefit Trust ("Benefit Trust"), is a collections trust for various employee benefit plans, as defined by Section (3)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). The Benefit Trust was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). James Brown and Marcus Elstack are duly appointed and authorized trustees of the Benefit Trust, and they are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

The defendant, First Construction Corporation ("First Construction"), is a West Virginia corporation. First Construction is an employer as defined in Section 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(2). Its activities affect commerce within the meaning of Section 2(7) of the LMRA, 29 U.S.C. § 157(7). In addition, First Construction is an employer as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002 (5), in an industry or activity affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

First Construction is a signatory and subject to a collective bargaining agreement with Keystone, Mountain, Lakes Regional Council of Carpenters ("Carpenters"). The Carpenters collective bargaining agreement provides for certain authorized deductions to be made from the wages of First Construction's employees. Specifically, contributions to the Saving Plan, ACT Fund, PAC Fund, UBC Per Capita FUND, and Charleston Building Trades were to be deducted from employee wages and remitted to Carpenters. The bargaining agreement further provides for the participation by employees of First Construction in the Carpenters Pension Fund of West Virginia, the Carpenters Health Fund of West Virginia, and the West Virginia Carpenters JATC.

The Agreement and Declaration of Trust creating and governing the Benefit Trust provides that an employer who executes a writing evidencing its participation thereby assumes and shall be bound by all of the obligations imposed by the Agreement and Declaration of Trust. The Agreement and Declaration of Trust provides for the payment of contributions by First Construction on behalf of each of its employees covered by the collective bargaining unit. The Agreement and Declaration of Trust also provides for interest on delinquent contributions at the legal rate of interest in the State of West Virginia.

On April 28, 2014, the plaintiffs brought suit under Section 502(e) of ERISA, as amended, 29 U.S.C. § 1132(e). The plaintiffs allege that First Construction has failed to remit required contributions and fringe benefit contributions. First Construction received service through the West Virginia Secretary of State's Office on May 3, 2014. (Mark Carbone Aff. [Docket 8-1] ¶ 3). On May 27, 2014, the Clerk of this Court entered a default against the defendant First Construction, consistent with Federal Rule of Civil Procedure 55(a). The clerk mailed a copy of the default entry to First Construction at its listed address, but the mail was returned undeliverable. (Certified Mail, Return Receipt Card [Docket 7])). The plaintiffs then moved for entry of default judgment against First Construction. To date, First Construction has neither answered the Complaint nor responded to the plaintiffs' motion for default judgment.

## II. Legal Standard

District courts may enter default judgment under Federal Rule of Civil Procedure 55. Rule 55(a) provides for entry of default where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. After default is entered by the clerk, a party may seek default judgment under Rule 55(b). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

Where service is proper, if a party has "failed to plead or otherwise defend," that party is in default and the well-pleaded allegations in the complaint as to liability may be taken as true. *See* Fed. R. Civ. P. 55(a); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact [.]" (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))). However, "[a]

default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.” Fed. R. Civ. P. 54(c)

## III. Discussion

Section 515 of ERISA obligates an employer to “to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement.” 29 U.S.C. § 1145. Sections 502(e) and (g)(2) permit fiduciaries to enforce this obligation under ERISA. *See* 29 U.S.C. § 1132(e), (g)(2). In a successful action for delinquent contributions, a court must award unpaid contributions, interest on unpaid contributions, liquidated damages, attorneys’ fees, and costs. *Id.* § 1132(g)(2). The amount of unpaid contributions is determined by the terms of the plan or collective bargaining agreement. *Id.* § 1132(a)(1)(B). Interest on unpaid contributions is determined by using the rate provided under the agreement, or if no rate is provided, the rate proscribed in Section 6621 of the Internal Revenue Code. *Id.* § 1132(g)(2)(E). Liquidated damages are either the interest on the unpaid contributions or the liquidated damages provided for under the terms of the agreement, whichever is greater. *Id.* § 1132(g)(2)(C).

While “unliquidated damages normally are not awarded without an evidentiary hearing,” *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993), the court is authorized to proceed without a hearing when a sum certain or uncontested amount is at issue. *See Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 1992) (“[U]nder Rule 54, a default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested.”). The court has reviewed the sworn affidavit attached to the motion for default judgment. [Docket 8-1]. It is accordingly **ORDERED** that the plaintiffs’ default judgment motion be, and hereby is, **GRANTED** as more fully set forth below.

The plaintiffs are entitled to the unpaid contributions sought through the date of filing their default motion, namely, $66,382.88. With respect to prejudgment interest, the Complaint requests an amount equal to West Virginia's legal interest rate from the date the delinquent contributions were due until paid or the date of judgment. (Compl. [Docket 1], at 5). The current interest rate under West Virginia Code § 55-6-31, which governs prejudgment interest on judgments and decrees, is 7%. The plaintiffs' Show Cause Motion [Docket 11] lists the dates that the defendant owed money under the collective bargaining agreement. According to the Show Cause Motion, some of this money has already been paid by the defendant—$27,029.63 was paid on March 11, 2014, and $10,164.10 was paid on May 22, 2014. (Show Cause Mot. [Docket 11], at 2). Thus, I award prejudgment interest as follows:

| Amount Due | Amount Paid | Date Due | Date Paid/Date of Judgment | Days to Apply Interest | Interest Amount |
|---|---|---|---|---|---|
| $27,039.99 | $27,029.63 | September 15, 2013 | March 11, 2014 | 177 days | $917.53 |
| $10.36 | $10.36 | September 15, 2013 | May 22, 2014 | 249 days | $0.49 |
| $43,800.04 | $10,153.74 | October 15, 2013 | May 22, 2014 | 219 days | $426.46 |
| $33,646.30 | $0.00 | October 15, 2013 | November 17, 2014 | 398 days | $2,568.15 |
| $17,894.14 | $0.00 | November 15, 2013 | November 17, 2014 | 367 days | $1,259.45 |
| $12,704.59 | $0.00 | December 15, 2013 | November 17, 2014 | 337 days | $821.10 |
| $796.61[1] | $0.00 | September 15, 2013 | November 17, 2014 | 428 days | $65.39 |
| $1,341.21 | $0.00 | May 30, 2014[2] | November 17, 2014 | 171 days | $43.98 |
| | | | | TOTAL: | $6,102.58 |

The Show Cause Motion next asks for a liquidated damages charge of 10%, asserting that the Trust document allows for liquidated damages in this amount. (*Id.*). The plaintiffs, however, have not provided said Trust document to the court. As such, I refer to the plaintiffs' Complaint, in

[1] This is the amount owed to both Local Union 604 and Local Union 476 for the work performed in August, 2013. (*See* Show Cause Mot. [Docket 11], at 2).

[2] This date, which refers to the amount in shortage from a miscalculated benefit rate, was derived from Exhibit 3 of the Show Cause Motion.

which the plaintiffs asked for liquidated damages in the amount equal to prejudgment interest, (*see* Complaint [Docket 1], at ¶ b), and I accordingly award the plaintiffs $6,102.58 in liquidated damages, bringing the total of prejudgment interest and liquidated damages to $12,205.16. Last, the plaintiffs request reasonable attorneys' fees and costs in the amount of $1,792.31. (*See* Aff. [Docket 8-2]).

## IV. Conclusion

In accordance with Federal Rule of Civil Procedure 55(b)(1), the court **ENTERS** default judgment against the defendant First Construction Corporation as follows: $66,382.88 in principal; $6,102.58 in prejudgment interest; $6,102.58 in liquidated damages; $1,692.31 in attorney's fees and costs; and post-judgment interest running from today, according to the statutory rate. *See* 28 U.S.C. § 1961 ("Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment.").

The court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to the defendant.

ENTER: November 17, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE